888

**Roy E. SCHWASINGER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5107.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

The United States moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing Roy E. Schwasinger's complaint on the basis of collateral estoppel and for lack of jurisdiction. Schwasinger opposes. The United States replies. Schwasinger files numerous motions seeking various relief, including remand of his case to the Colorado Supreme Court and to the Colorado Attorney General and that this court "[r]elease Roy E. Schwasinger from the Federal Correctional Institute." The United States opposes and moves for leave to file oppositions to two of Schwasinger's motions out of time, with oppositions attached.

Schwasinger filed a complaint making various assertions against federal agents, "claiming that real and personal property were improperly seized and that he was incorrectly incarcerated." Because Schwasinger had previously filed "two similar complaints" in the Court of Federal Claims, both of which had been dismissed for lack of subject matter jurisdiction, the trial court held that the doctrine of collateral estoppel deprived it of jurisdiction to consider Schwasinger's search and seizure claim. With regard to Schwasinger's unjust imprisonment damages claim, the trial court held:

> Plaintiff must allege and prove that his conviction has been reversed or otherwise set aside, and must also establish that he did not commit the acts charged and the prosecution was not brought about by his own misconduct or neglect.... Plaintiff, however, has failed to provide any proof of either evidentiary requirement.

The United States moves for summary affirmance. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree that the Court of Federal Claims' dismissal of Schwasinger's complaint was correct. Because no substantial question exists regarding the outcome of the instant appeal, the court summarily affirms the trial court's judgment dismissing Schwasinger's complaint.

Schwasinger's arguments in his various motions are largely unintelligible, inapposite to the issues at hand, and are without merit.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted.

(2) The United States' motion for leave to file certain oppositions out of time is granted.

(3) Schwasinger's motions are denied.

(4) Each side shall bear its own costs.